*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*David A. Pellegrino*
*Direct Tel: 646-887-9575*
*Direct Fax: 646-887-8165*
*dpellegrino@sgrlaw.com*

September 23, 2024

**The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.**

**The Clerk of Court is directed to terminate ECF No. 61.**

**SO ORDERED.**

**Arun Subramanian, U.S.D.J.**
**Date: September 24, 2024**

*VIA ECF*

Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   **Deutsche Bank Trust Company Americas v. Nelson et al., Case No. 1:24-cv-02425 (AS)**

Dear Judge Subramanian:

We represent Third-Party Defendants VERSITY INVEST, LLC, a/k/a CREW ENTERPRISES, LLC; VERSITY INVESTMENTS, LLC; BLAKE WETTENGEL; and TANYA MURO (the "Third-Party Defendants") in the above-referenced action.

Pursuant to section 11 of Your Honor's Individual Practices, we write to respectfully request the sealing of two exhibits to the Versity Defendants' papers in support of their motion to dismiss the Third-Party Complaint that the Versity Defendants will file today.

Third-Party Defendants propose filing excerpts of (i) the Term Sheet at issue between the parties under seal because the majority of the content includes intimate details about the parties' confidential finances and business relationships; and (ii) the pleadings in the Arbitration proceeding in Orange County, California for the same reasons. The exhibits will be filed as Exhibits A and B to the Declaration of Blake Wettengel.

Good cause exists to seal the two exhibits in their entirety. Sealing is warranted under Second Circuit law. Notwithstanding the presumption of public access, courts may deny access to records that are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 245 (SDNY 2009). Sealing is warranted where "[r]eputations would be impaired, personal relationships ruined, and

Honorable Arun Subramanian
September 23, 2024
Page 2

businesses destroyed on the basis of misleading or downright false information." *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995). *See Pro. Sound Servs., Inc. v. Guzzi*, No. 02 CIV. 8428 (DC), 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003), *aff'd*, 159 F. App'x 270 (2d Cir. 2005) (complaint filed under seal to keep customer names confidential); *see also Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New York, No.* 18-CV-4994-AKH, 2020 WL 1547486, at *1-*2 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where document quotes or paraphrases information protected from disclosure by law).

      Third-Party Defendants have sought and received consent from Third-Party Plaintiff to file the exhibits under seal.

      For the foregoing reasons, the Third-Party Defendants respectfully request that the Court seal two of the exhibits to the Wettengel Declaration in support of their Motion to Dismiss.

      We appreciate the Court's attention to this matter.

Respectfully submitted,

*David A. Pellegrino*

David A. Pellegrino

cc:    All Counsel of Record (via ECF)