

Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
T: +1.212.262.6900
F: +1.212.977.1649
PerkinsCoie.com

**GARY F. EISENBERG**
GEisenberg@perkinscoie.com
D: +1.212.262.6902
F: +1.212.977.1632

October 22, 2024

**VIA UPS (AND EMAIL WHERE LISTED)**

Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 15A
New York, NY 10007

    **Re:**    **Deutsche Bank Trust Company Americas v. Nelson et al.,
            No. 1:24-cv-02425-AS**

Dear Judge Subramanian:

Plaintiff Deutsche Bank Trust Company Americas, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2014-C15, Commercial Mortgage Pass-Through Certificates, Series 2014-C15 by and through CWCapital Asset Management, LLC ("CWCapital"), acting solely in its capacity as Special Servicer ("Plaintiff"), respectfully submits this letter in support of its motion, to which all parties consent, for referral of the above action to the Hon. Gabriel W. Gorenstein, U.S.M.J., the Magistrate Judge assigned to this action , for mediation. We understand that Judge Gorenstein may wish to conduct the mediation through the vehicle of a settlement conference, to which the parties agree.

We request that the mediation / settlement conference occur between November 11 and December 12, 2024 (other than the weeks of November 18 and November 25) and that it be conducted by Zoom (as several parties or their legal representatives are located outside New York). The parties have agreed to split the mediation fees four ways (one-quarter each to: (i) Plaintiff, (ii) defendant Brian Nelson, (iii) defendant Patrick Nelson and (iv) the third-party defendants).

In connection with the proposed mediation, to avoid additional expense, Plaintiff and the Nelson defendants jointly move before the Court for the following relief from the scheduling order:



169631426.3

1. Plaintiff be permitted to withdraw without prejudice its pending summary judgment motion, with leave to renew it by filing a letter motion of renewal based on the current filings, such letter motion of renewal to be filed within fourteen (14) days of the termination of the mediation if a settlement of the action has not resulted from the mediation.

2. The pending discovery requests from the Nelson defendants served upon Plaintiff be deemed withdrawn, subject to automatic renewal upon the filing of a letter motion of renewal by Plaintiff as set forth in the preceding paragraph, with responses due 14 days after such automatic renewal, the responses of the Nelson defendants to the renewed summary judgment motion due not later than 14 days after service of the discovery responses and Plaintiff's reply be due 14 days thereafter; and.

If the foregoing is acceptable to the Court, kindly endorse this letter motion, and the parties will contact Judge Gorenstein forthwith.

We thank the Court for its consideration in this matter.

Respectfully submitted,

*/s/ Gary F. Eisenberg*

Gary F. Eisenberg

cc: Service List (by email and e-service)

By separate order the Court will make a reference to Judge Gorenstein for a settlement conference. When and how Judge Gorenstein wants to handle that conference is up to him. As for the other relief requested, the timing of discovery responses is up to the parties, as long as they understand that the deadlines in the Court's case management plan (Dkt. 50) will not change (other than those that the parties can modify without the Court's approval). Plaintiff's pending motion for summary judgment is denied without prejudice per the parties' agreement. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 53 and 78.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 22, 2024

169631426.3